## BURDICK–BARON CO. v. SWIFT & CO.

### No. 12913.

United States Court of Appeals
Fifth Circuit.

March 9, 1950.

Rehearing Denied April 12, 1950.

---

John L. Shook, Dallas, Texas, William H. Shook, Dallas, Texas, Lewis B. Lefkowitz, Dallas, Texas, for appellant.

Fred L. Wallace, Fort Worth, Texas, Fred Korth, Fort Worth, Texas, for appellee.

Before McCORD and WALLER, Circuit Judges, and RICE, District Judge.

RICE, District Judge.

The motion of the appellee, Swift & Company, to dismiss this appeal having been considered and being found to be without merit, is hereby overruled.

On February 1, 1949, appellant filed this suit, styled Civil Action No. 3359, Burdick-Baron Company versus Swift & Company, in the District Court of the United States for the Northern District of Texas, Dallas Division. The suit was for damages arising out of the purchase by appellant of glue from appellee, to be used by it in the manufacture of furniture. In the complaint it was alleged that the purchases of glue were made by it during the latter part of the year 1946 and the early part of the year 1947. In this original complaint it was alleged that the appellee solicited the appellant's business and was able to obtain such business by reason of its representations, guarantees, warranties and agreements that its product was far superior to those of other manufacturers and those previously used by the appellant. These warranties and representations were made after appellant had disclosed to the appellee the purposes for which it expected to use such glue. The appellant relied on appellee's knowledge, skill and judgment and purchased the glue in reliance thereon, together with the representations, warranties, and assurances that said product was suitable and would do the work for which appellant purchased it. The appellant also relied on advertisements of the appellee in respect to its product and its suitability for the purposes for which it was to be used and the representations made in said advertisements in respect to tests made by the appellee of said product in gluing and bonding wooden articles. Appellant further alleged that relying on representations of the appellee it manufactured a great amount of furniture, using the glue purchased from the appellee, and thereby ascertained that appellee's product was not fit for the purposes for which it was purchased, resulting in great damage to the appellant.

On or about April 26, 1949, the appellee agreed by letter as follows: "In compliance with the request in your letter of April 25,

1949, and to confirm our understanding of the matters heretofore orally discussed with you, this is to advise that Swift & Company, defendant in Civil Action No. 3359, entitled Burdick-Baron Company v. Swift & Company, now pending in the District Court of the United States for the Northern District of Texas, at Dallas, Texas, agrees that if this cause, now set for trial May 13, 1949, is dismissed by the plaintiff and refiled at a later date, Swift & Company will not enter a plea of limitation to any damages claimed by the plaintiff which would not have been available to it February 1, 1949, arising out of the same cause of action as set out in the petition filed by the plaintiff on that date and the amendment thereto filed by the plaintiff. This agreement shall be upon the express condition that any subsequent suit upon this cause of action shall be filed to be returnable not later than the next January Term of the District Court of the United States in Dallas Division. * * "

The foregoing letter agreement is referred to by appellee at page 7 of its brief, and it therein states that in this agreement appellee agreed that in the event of a dismissal of Civil Action No. 3359, it would not enter a plea of limitation to any damages claimed by the appellant which would not have been available to it on February 1, 1949, arising out of the same cause of action as set out in petition filed by the appellant on that date and the amendment thereto to be thereafter filed.

On May 2, 1949, appellant filed in Civil Action No. 3359 its first amended complaint, wherein it for the first time specifically pleaded fraud practiced by the appellee upon it in making representations of its product and the suitability for the purposes for which it knew the appellant intended to use it, and repeated the allegations contained in the original complaint as to the representations, guarantees and warranties made by the appellee in respect to its product. In this amended complaint appellant alleges that the purchases made by it from the appellee of its product were during the last half of 1946, to and including January, 1947; and that appellant relied upon the representations, statements, guarantees and warranties made by the appellee to it until the latter part of March, 1947, when appellant first learned facts which caused it to doubt the truth of appellee's representations and the suitability of its product for the purposes for which appellant purchased it.

Thereafter, on May 4, 1949, appellant dismissed Civil Action No. 3359 without prejudice to subsequently filing same.

On May 18, 1949, appellant filed Civil Action No. 3584, styed Burdick-Baron Company versus Swift & Company, wherein it alleged substantially the facts as set out in the amended complaint in Civil Action No. 3359, and that the purchases made by it from appellee were during the last half of the year 1946 and in the month of January, 1947, and that it discovered the unfitness of appellee's product and the falsity of the appellee's representations in March, 1947.

On June 7, 1949, the appellee filed its motion to dismiss the complaint on the ground that the pleadings showed that none of the causes of action were shown to have accrued within two years prior to February 1, 1949, the date of the filing of the original complaint, or May 2, 1949, the date of the filing of the amended complaint, nor to have accrued to those for which no agreement was made within two years prior to May 18, 1949, the date on which the original complaint was filed in Civil Action No. 3584. On June 27, 1949, the trial court granted appellee's motion to dismiss.

It is the appellee's contention that the original complaint in Civil Action No. 3359 stated a cause of action arising out of a claimed breach of oral express warranty, based upon a contract of purchase or sale alleged by appellant to have occurred during the month of December, 1946, and the early months of 1947. Appellee concedes that by reason of the allegations in said original complaint that the cause of action arose during December, 1946, and the early months of 1947, that a motion such as was granted by the court could not have been justified against the complaint. How-

426

ever, appellee says that this is of no importance, because, on May 18, 1949, the appellant filed its original complaint in Civil Action No. 3584 (being the cause on appeal) and therein alleged the sales were made during the last half of 1946 and to and including January, 1947. This latter was the pleading before the court at the time of the hearing of appellee's motion to dismiss the cause of action on the ground that the same was barred by the two year statute of limitations. Appellee argues that since the pleadings of the appellant show that all sales upon which this suit is based occurred prior to February 1, 1947, and more than two years prior to the filing of the complaint on February 1, 1949, and further show that appellant had knowledge in March, 1947, of any fraud that might have been practiced on it, that all causes of action based on oral express warranty, implied warranty, negligence or fraud, arising out of the sales contract between the parties were barred by the two year statute of limitations of the State of Texas. Vernon's Ann.Civ.St. art. 5526.

Article 5539b of Vernon's Annotated Revised Civil Statutes of Texas, reads as follows: "Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. Provided, however, when any such amendment or supplement is filed, if any new or different facts are alleged, upon application of the opposite party, the court may postpone or continue the case as justice may require."

Appellant contends that the foregoing statute has full application to this case and that the action of the District Judge in sustaining appellee's plea of limitation was erroneous; because, it says, that in Cause Number 3359, filed February 1, 1949, its original complaint alleged that the sales made to it by the appellee occurred in December, 1946, and in the early months of 1947; and, therefore, on the face of its pleadings, a plea of the two year statute of limitations could not be sustained. This, in effect, appellee concedes in its brief. Appellant further contends that when it filed its first amended complaint on May 2, 1949, although it did therein allege that the sales occurred in December, 1946, and in the month of January, 1947, it further stated that it did not discover until March, 1947, the falsity of the representations and warranties of the appellee and the unfitness of its product for the purposes for which it was purchased; and that for said reason said last mentioned pleading was not subject to the defense of the two year statute of limitations as of February 1, 1949. Appellant further contends that Cause Number 3584 was filed by it on May 18, 1949, under its agreement in writing with the appellee that "Swift & Company will not enter a plea of limitation to any damages claimed by the plaintiff which would not have been available to it February 1, 1949, arising out of the same cause of action as set out in the petition filed by the plaintiff on that date and the amendment thereto filed by the plaintiff;" and that by reason of said agreement said cause, filed May 18, 1949, related back to and was effective as of the date of February 1, 1947, and, therefore, that the action of the trial court in sustaining appellee's plea of the two year statute of limitations was erroneous.

We agree with appellant's reasoning. It is admitted by appellee that its plea of the two year statute of limitations would not have been good as to appellant's original complaint filed on February 1, 1949, in Cause Number 3359, because appellant's allegations were that the sales occurred in 1946 and the early months of 1947. When appellant filed its first amended complaint in Cause Number 3359 on May 2, 1949, while it did therein change its allegation as to the dates of the sales made to it by appellee so as to allege that such sales oc-

curred in December, 1946, and in January, 1947, it further alleged that it did not discover the unfitness of appellee's product or the falsity of the appellee's representations until March, 1947. It seems clear to us that the plea of the two year statute of limitations addressed to appellant's first amended complaint could not have been sustained as of February 1, 1949, because as to causes of action arising from fraud limitation begins to run only on the discovery of the fraud, unless there was a failure of diligence to discover it earlier. Burnham v. Todd, 5 Cir., 139 F.2d 338, 343; Cunningham v. Frontier Lumber Co., Tex. Civ.App., 245 S.W. 270.

This being true, then by reason of appellee's written agreement binding itself not to urge said two year statute of limitations to any damages claimed by appellant which would not have been available to it on February 1, 1949, arising out of the same cause of action as set out in the petition filed by the appellant on that date and the amendment thereto filed by appellant; and because we think that Article 5539b of the Revised Civil Statutes of Texas is applicable here, the trial court erred in sustaining appellee's motion to dismiss. We are of the opinion that the cause of action stated by appellant in its first amended complaint filed May 2, 1949, in Cause Number 3359, was not wholly based upon, nor grew out of a new, distinct, or different transaction or occurrence from that alleged in the original complaint filed February 1, 1949. On the other hand, we believe that the cause of action alleged in said first amended complaint stated substantially the same cause of action, between the same parties, as alleged in the original complaint filed February 1, 1949. Hallaway v. Thompson, Tex.Sup., 226 S.W.2d 816; Isaacks v. Jeffers, 10 Cir., 144 F.2d 26; Tiller v. Atlantic Coast Line R. Co., 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465; Lykes Brothers S. S. Co. v. Esteves, 5 Cir., 89 F.2d 528.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.