### OVERFIELD v. PENNROAD CORPORATION et al.

#### No. 258.

District Court, E. D. Pennsylvania.

May 2, 1941.

Daniel O. Hastings, of Wilmington, Del., Philip H. Strubing, of Philadelphia, Pa., R. E. Lee Marshall and George C. Doub, both of Baltimore, Md., Hugh F. O'Donnell, of New York City, and Caleb R. Layton, 3rd, of Wilmington, Del., for plaintiffs.

Harold J. Conner, of Philadelphia, Pa. for Bertha Rosenthal, Martin Rosenthal, Patrick Conner, and Bertha Kaufman.

Daniel Blumenthal, of New York City, for Bertha Kaufman.

Macin E. Estill, of Philadelphia, Pa., for Francis E. Walter.

Lynn L. Detweiler, of Philadelphia, Pa. for Pat McGee.

Harry Reiss Axelroth and James McG. Mallie, both of Philadelphia, Pa. for intervenors Janet L. Boskey and Betty Jane Boskey.

Hugh Roberts, of Philadelphia, Pa., pro se.

C. B. Heiserman, of Philadelphia, Pa. for Pennroad Corporation.

John Dickinson, John B. Prizer, Philip Price, Robert T. McCracken, and George G. Chandler, all of Philadelphia, Pa. for Pennsylvania R. Co.

Wm. Clarke Mason, W. Heyward Myers, Jr., Thomas B. K. Ringe, and Ernest R. von Starck, all of Philadelphia, Pa., for Joseph Wayne, Jr.

R. Sturgis Ingersoll, Warwick Potter Scott, and Ballard, Spahr, Andrews & Ingersoll, all of Philadelphia, Pa., for Albert J. County and others.

Thomas Stokes and John Sailer, both of Philadelphia, Pa., for Fidelity-Philadelphia Trust Co. and Francis J. Rue.

Elder W. Marshall, of Pittsburgh, Pa., and Thomas Stokes, of Philadelphia, Pa.,

for Sarah Mellon Scaife, Richard K. Mellon, and Union Trust Co. of Pittsburgh.

Lewis M. Stevens and Medford J. Brown, (of Stradley, Ronon & Stevens) both of Philadelphia, Pa., for Fidelity-Philadelphia Trust Co.

WELSH, District Judge.

The complainant's motion is to amend her bill of complaint by including therein seven additional causes of action identical in form and substance with the first seven causes set forth in the bill of complaint filed in the companion case of Grace Stein Weigle against the same defendants, civil action No. 938. The motion is opposed upon the ground that the addition of such causes to the present complaint is barred by the statute of limitations, and also by the laches of the complainant.

The bill upon which the case is presently being tried alleges that the Pennroad Corporation was fraudulently dominated and controlled by the other defendants for the unjust enrichment of Pennsylvania Railroad, and to the unconscionable detriment of Pennroad and its stockholders. It charges that control was effected through the medium of voting trustees, who were officers and directors of the railroad, and who operated through the Pennroad directors whom they elected and who knowingly and fraudulently did the wrongful bidding of the railroad for its material benefit and to the disadvantage of Pennroad. In pursuance of such fraudulent conspiracy Pennroad was caused to invest $2,300,000 of its capital in a freight forwarding company designed to produce business for the railroad, but at the Pennroad's sole risk of loss. The bill alleges that through this transaction Pennroad lost about $4,000,000 while Pennsylvania Railroad enjoyed approximately $5,000,000 of revenue from freight and rentals. The complainant seeks an accounting by the defendants and redress for the wrongs allegedly done to Pennroad and its stockholders.

Like charges are made involving the freight forwarding company investment, in the Weigle suit, and in addition thereto it is alleged that seven other improper investments or purchases were made in pursuance of the same fraudulent scheme and conspiracy on the part of the defendants. In the Weigle suit the complainant Overfield was permitted to intervene and become a party plaintiff, and she filed therein a complaint covering all of the transactions and causes of action in question. The answers filed to the Weigle complaint were deemed to be the defendants' answers to the interveners' complaint, and, at the outset of the trial and with the consent of all parties, an order was entered permitting a joint hearing of both suits. It is also noted that there has been pending in the Chancery Court of Delaware since 1932 a stockholders' suit brought by one Perrine on behalf of himself and others which also seeks inter alia an accounting for the profit and losses arising out of the same investments.

The defendants contend that the passing of ten to twelve years between the making of those investments and the starting of the present suit precludes the complainant from asserting any rights thereunder, because the statute of limitations bars the institution of a suit upon such causes, or amendments to the present suit, which would have the result of adding new causes of action after the period of the statute has expired. It is also contended that the laches of the complainant prevents the allowance of the amendments.

The statute in question is the Pennsylvania Act of Assembly of March 28, 1867, P.L. 48, Sec. 1, 12 P.S. § 41, which provides: Whereas it is just that suits for supposed claims should be speedily brought before the lapse of time destroys the evidence of defense, or impairs the recollection of the witnesses, "no suit, at law or in equity, shall be brought or maintained against any stockholder or director in any corporation or association, to charge him with any * * * neglect of duty as such stockholder or director, except within six years after * * * the commission of such act of negligence."

The statute applies to amendments which introduce new causes of action or new parties or which effect changes which would deprive the defendants of any valuable rights, as well as to original actions. Goldberg v. Wine, 326 Pa. 335–340, 192 A. 252; Bahas v. Wilczek, 324 Pa. 212-215, 188 A. 139. The same principle is applicable to cases before the federal courts (Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487) where the effectiveness of such statute as applied to amendments has been recognized. Brown v. New York Life Ins. Co., D.C., 32 F.Supp. 443, 444.

It was argued that the statutory limitation must be adopted by analogy in equity

suits, for to hold otherwise would permit a recovery in equity upon claims which are barred in law. Baker v. Cummings, 169 U.S. 189, 18 S.Ct. 367, 42 L.Ed. 711. The defendants rely almost entirely upon Stampalia v. Murphy, D.C., 34 F.2d 660, and Kelly v. Dolan, 3 Cir., 233 F. 635. They maintain that those cases compel the dismissal of the present motion. The Stampalia case involved a suit in admiralty for damages brought four years and three months after the alleged accident. The libel was dismissed by the Court which declared that, "admiralty courts are not bound by local statutes of limitations, but * * * will adopt them by analogy, unless equitable reasons exist for not doing so." Such statutes declare "the state of the common judgment as to the period" in which suits should be brought and provide "a definite guide for courts in determining the same question in other than common-law causes." [34 F.2d 661.]

■ Kelly v. Dolan was begun on a stockholder's bill against three directors of a corporation brought eight years after they had ceased to be directors. A receiver had been appointed for the railway but the Court appointing him had declined to grant him permission to bring the suit because it found that such suit would have been met by a successful defense based upon the statute of limitations. The stockholder's action charged the directors with neglecting to enforce the covenants of a certain lease, which neglect resulted in the loss of assets through foreclosure. After final hearing, the defendant's motion to dismiss the bill was granted. The action was not for an accounting or discovery, but the gravamen of the complaint was the negligence of the three directors. There the Court held that in whatever form the right was litigated, whether in law or in equity, it was to recover for negligence and was a legal right. The negligence of a director is an injury to his corporation and the right to recover for such negligence is a legal as contrasted to an equitable right. The corporation was vested with that right to recover for such injury and the receiver succeeded to it upon his appointment. The plaintiff therefore could not sue at law to assert a legal right vested in the receiver, and he could resort to equity by a stockholder's bill only where it is shown that the corporation, through the fraud of those in control, had refused to bring suit against the directors. The state of facts neces-

sary to support the bill in equity were not found present, although the Court indicated in its opinion that an equity court exercising concurrent jurisdiction with a court of law would be bound equally by the statute of limitations.

Neither of these cases controls the issue in the present one in view of the express liberality allowed in the construction of the rules as to amendments, and in view of the fact that the present stockholder's bill seeks the equitable remedies of accounting and discovery as well as redress for the alleged wrongful acts of the defendants. The basis of the present charge is the unlawful fraudulent conspiracy whereby certain investments were made which improperly benefited the railroad, and the prayer contemplates the discovery, disclosure and accounting of those transactions including the profit therefrom.

■ The rules of civil procedure expressly indicate that where leave of Court is required for an amendment, such "leave shall be freely given when justice so requires", Rule 15(a), 28 U.S.C.A. following section 723c, in the interest of assuring the determination of controversies upon the merits and not upon procedural niceties. This is especially so where the presentation of the merits of the action will be subserved and where it is not shown that the allowance of the amendment would prejudice the defendant. The important question is whether or not the allowance of the amendments would work any injustice upon any of the parties.

■ It is noted that the proposed amendments bring in no new defendants, they involve the underlying complaints in the Perrine suit in Delaware and in the Weigle suit, of which the defendants have had full knowledge and in which they have been summoned. In both of these cases answers have been filed on behalf of all or some of the defendants, joining issue upon the precise causes now sought to be added to the present bill. The defendants' objection is a technical one which we do not think should prevail in view of the fact that they have had actual notice since 1932 of the rights and remedies sought by the stockholders generally and since 1939 as to the rights expressly sought by the Weigle suit in which the present complainant is a party. The reasons for following the statute of limitations do not exist in this case and we find no justification for following the analogy of the stat-

486

ute. While the general rule precludes an amendment which seeks to introduce a new cause of action when the same is clearly barred by the statute of limitations (L. E. Whitham Construction Co. v. Remer, 10 Cir., 105 F.2d 371), it would seem that in cases where the reasons for the rule are not applicable or where there is some doubt as to whether the cause is clearly barred, the rule should be liberally construed (New York Central & H. R. R. Co. v. Kinney, 260 U.S. 340-346, 43 S.Ct. 122, 67 L.Ed. 294), and especially is this so where the defendant is put to no disadvantage.

■ The cases indicate that although equity persistently follows the analogy of the statute of limitations, it is not definitely bound thereby. Dalzell v. Lewis, 252 Pa. 283-287, 97 A. 407. Strictly speaking there is no statute of limitations against an equitable proceeding, but by analogy, an equity court will usually bar a too tardy proceeding on the ground of laches as measured by the state statute of limitations. A federal court of equity might, however, disregard a state statute of limitations where there were exceptional circumstances which would make its application wholly inequitable. Bell v. John H. Giles Dyeing Machine Co., 3 Cir., 37 F.2d 482-484.

■ The complainant contends that under Rule 8(c) limitation of actions and laches are affirmative defenses which must be pleaded; therefore, the Court should not attempt to adjudicate on this motion an issue which may only be raised by a defense affirmatively set forth in the answer. We do not agree that the Court lacks power to summarily pass upon the question of laches where it is clear or obvious from the pleadings that the causes set forth in the amendments are barred by the statute or by laches. The alleged laches in this case is not so obvious or apparent as to preclude the complainant from proceeding with the causes of action which she now desires to assert. There is considerable merit in the complainant's contention that in disposing of the question of laches she is entitled to the benefit of prior suits filed on behalf of all stockholders, including herself, and that she may therefore claim the benefit of the Perrine suit filed in 1932 and in the Weigle suit in which she has become an intervening party. Where the cause of action is of such a nature that a suit to enforce it has been brought on behalf not only of the plaintiff but of all persons similarly situated, it is not essential that each such person should intervene in the suit in order that he be deemed thereafter free of laches which bars those who sleep on their rights. Southern Pacific Co. v. Bogert, 250 U.S. 483, 39 S.Ct. 533, 63 L.Ed. 1099. The pendency of the earlier representative actions is deemed to be notice of the defendants of the causes now asserted, and it seems unnecessary that the complainant should be compelled to sue at any particular time subsequent thereto in order to preserve her rights. This complainant's cause of action was not lost by her silence, because the pendency of the prior representative actions was sufficient notice to the defendants of her individual rights as a stockholder as asserted therein. A suit by one of a class in behalf of all relieves all from the imputation of laches. Cox v. Stokes, 156 N.Y. 491, 51 N.E. 316; Jackson v. Gardner Investment Co., 200 F. 113.

■ The defendants contend that Grace Stein Weigle cannot qualify as a proper party plaintiff and that her complaint must fall. They seek to preclude the complainant in this suit from amending her bill, with the view to limiting the present inquiry to the investment in the freight forwarding company. This we decline to do. By permitting the complainant to intervene in the Weigle suit and by the joinder of both cases in a single trial we have effectively brought before this Court all of the issues of both cases. The amendments sought raise no new problems and involve no new parties, and a limitation of the trial to the single cause of action is not required by even a technical construction of the rules. The latitude of discretion as exercised by the courts in regard to allowance of amendments is indicated by Echevarria v. Texas Co., D.C., 31 F.Supp. 596, in which it was held that where the original plaintiff lacked capacity to sue, a person with capacity could be substituted by amendment even after the statute of limitations had run. The amendment in that case did not set up a new cause of action or change the theory of recovery inasmuch as the defendant had already had notice of all the pertinent facts as stated in the original bill. The substitution of parties by amendment was deemed necessary to prevent a failure of justice and imposed no hardship upon the defendant. In the present case it would appear with equal justification that the com-

plainant's intervention in the Weigle suit would preserve the jurisdiction, and that by including the causes of action therein at issue with those of the present case, no hardship or injustice is imposed upon the defendants. In the interest of the expeditious and equitable disposition of causes, amendments which tend to prevent a failure of justice should be liberally allowed, especially where the statute of limitations has run or where laches as measured by such statute is claimed. And where the defendants have had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against them because of specified conduct, the reasons for following the statute of limitations or for determining laches by the measure of such statute do not exist.

The complainant's motion for leave to amend her bill of complaint is allowed.