**PORTER, Price Administrator, v. THEO J. ELY MFG. CO. et al.**

Civil Action No. 3190.

District Court, W. D. Pennsylvania.
May 17, 1946.

Thomas F. Garrahan and A. Morris Ginsburg, both of Pittsburg, Pa., for plaintiff.

John B. Brooks of Brooks, Curtze & Silin, all of Erie, Pa., for defendants.

WALLACE S. GOURLEY, District Judge.

This case involves an action for injunctive relief and treble damages, which had been filed by the plaintiff on August 29, 1944, against the following defendants: Theo J. Ely Manufacturing Company, a corporation, otherwise known as Theodore J. Ely Manufacturing Company, James A. Meldon, receiver thereof, and Carl Bernie Oas, individually and trading as Theo J. Ely Manufacturing Company, otherwise known as Theodore J. Ely Manufacturing Company, Erie Mop and Wringer Company and Harrington Machine Company.

The claim for injunctive relief is based on the provisions of Section 4(a) of the Emergency Price Control Act of 1942 and its amendments, and the claim for treble damages is based on the provisions of Section 205(e) of said Act, 50 U.S.C.A. Appendix, §§ 901 et seq., 904(a), 925(e).

As a result of numerous motions, arguments, orders of court and supplemental pleadings, the only defendant remaining in the case, as evidenced by the amended complaint and bill of particulars which were ordered filed on February 19, 1946, was Carl Bernie Oas, individually and trading as Theo J. Ely Manufacturing Company, otherwise known as Theodore J. Ely Manufacturing Company.

In the answer to the amended complaint and bill of particulars filed on behalf of the defendant, Carl Bernie Oas, individually and trading as Theodore J. Ely Manu-

facturing Company, it was set forth, inter alia, that during the time set forth in the complaint, Carl Bernie Oas on no occasion acted individually or traded as the Theodore J. Ely Manufacturing Company, and any acts committed by him were in the capacity of Manager of the Theodore J. Ely Manufacturing Company, a corporation.

After the filing of said answer, the plaintiff petitioned the Court for leave to file a reply to said answer, pursuant to the provisions of Rule 7(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, said plaintiff's reply setting forth, inter alia, as follows:

1. That if the allegation in the defendant's answer to the amended complaint and bill of particulars as to the capacity in which Carl Bernie Oas was acting is true, that the said Carl Bernie Oas did direct, control and participate in the affairs of said Corporation generally, and in all of the events complained of in the complaint, as amended, and in the bill of particulars.

2. That the said Carl Bernie Oas is personally liable under the provisions of Section 205(e) of the Emergency Price Control Act of 1942, as amended, to the plaintiff, on behalf of the United States, for statutory damages arising from the overceiling sales set forth in the amended complaint and bill of particulars, occurring from August 29, 1943, until March 13, 1944.

3. That the said Carl Bernie Oas is personally liable under the provisions of Section 205(a) of the Act to injunctive restraint by reason of the acts alleged in the complaint.

4. That the said Carl Bernie Oas is responsible for treble damages in the amount set forth in the complaint by reason of the overcharges alleged to have been made.

5. That the said Carl Bernie Oas did manufacture and sell the items set forth in Exhibit B of the amended complaint and bill of particulars and, in so doing, conducted his business relations in such a manner as to deceive and misrepresent to the Government the true circumstances existing in connection with the business in which he engaged.

The defendant filed an exception to the motion for leave to file the plaintiff's reply, in which it was set forth, inter alia, as follows:

1. That under the provisions of Rule 7(a) of Federal Rules of Civil Procedure, it is not permissible to file a reply under the pleadings as they exist.

2. That the Court in the exercise of its discretion should not permit the filing of the reply by the plaintiff.

3. That under the provisions of the Emergency Price Control Act, the word "person" does not include manager, and the identification of the defendant, Carl Bernie Oas, as Manager would change the nature of the cause of action which is now pending against Carl Bernie Oas, individually and trading as Theodore J. Ely Manufacturing Company.

This matter has duly been argued before the Court, and briefs have been filed by the respective parties in support of their position.

It is in substance the contention of the plaintiff that the Government is not bringing upon the record a new party, but is only asking leave to change the true identification of the defendant, Carl Bernie Oas, and that it is not the intention of the Government to ask any relief against the Corporation, Theodore J. Ely Manufacturing Company. The defendants in substance contend that to permit the filing of the reply, it would amount to the stating of a new cause of action against Carl Bernie Oas as Manager of the Theodore J. Ely Manufacturing Company, a corporation.

At the time of argument and in the brief of the plaintiff, it is contended that the Court should permit the filing of the reply; or in the alternative, that the Court should permit the filing of an amended complaint in which the allegations of fact referred to in the reply should be permitted to be filed.

It is, therefore, first necessary to consider the provisions of Rule 7(a) of the Federal Rules of Civil Procedure, which Rule provides as follows:

"Rule 7. Pleadings Allowed; Form of Motions.

"(a) Pleadings. There shall be a complaint and an answer; and there shall be a reply, if the answer contains a counter-

claim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if leave is given under Rule 14 to summon a person who was not an original party; and there shall be a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

■ There is no question but what said Rule contemplates that the pleadings to be filed are a complaint and an answer, and if the answer contains a counterclaim, a reply to the counterclaim is permitted.

■ In reading the answer it is apparent that the defendant has not set up or endeavors to establish a counterclaim against the plaintiff, and, therefore, the Court believes it would not be good pleading to permit the filing of the reply requested by the plaintiff. The plaintiff's motion for leave to file a reply to the defendant's answer is, therefore, refused.

It has been persistently urged by the plaintiff that all of the alleged actions of Carl Bernie Oas, individually and trading as Theodore J. Ely Manufacturing Company, indicate that he was being sued individually for his misconduct. Therefore, it is not important whether the acts committed by the defendant individually were done by him, while operating under the trade name, as the owner of said business or as Manager of the Theodore J. Ely Manufacturing Company, a corporation. The position of the Government being in substance that Carl Bernie Oas is individually liable for the specific acts set forth in the original complaint, amended complaint, and bill of particulars regardless of the capacity in which he acted.

The Government contends that the basis for the liability of Carl Bernie Oas is the conduct in which he engaged as far as the regulations are concerned, and it is irrelevant as to the capacity in which he acted.

It is, therefore, necessary for the Court to next consider as to whether or not leave should be granted to the plaintiff to file an amended complaint in which the allegations of fact set forth in the plaintiff's reply are incorporated.

The Federal Rule of Civil Procedure which has application to the allowance of an amended complaint is as follows:

"Rule 15. Amended and supplemental Pleadings.

"(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders. * * *

"(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

■ It is the duty of the Court in the furtherance of justice, and on such terms as may be proper, to allow a party to amend any pleading at any stage of a proceeding by adding or striking out, or explaining the identification of said party so that the actual merits of a controversy may speedily be determined. This is especially true under the provisions of the Emergency Price Control Act and the decisions of the Supreme Court of the United States in the interpretations which have been made thereof. It is, therefore, necessary to proceed without regard to technicalities and in the most expedient and inexpensive manner.

The question, therefore, arises does the suggested amendment merely add a new party or does it correct the mistake in the identity of the individual who it is claimed

committed the certain acts which justified the filing of the original action? 49 Corpus Juris, page 518, paragraph 683.

It is a settled rule of law that a substitution by amendment of a party properly entitled to be sued should be permitted where the amendment only refers to the description or identity of the defendant named in the complaint. It has been further held that the question of whether a cause of action which it is sought to state by amendment is identical with that upon which the plaintiff intended to sue is one to be determined by the Court. 49 Corpus Juris, page 518, paragraph 684.

It is furthermore a sound statement of law to hold that Rule 15 (c) of the Federal Rules of Civil Procedure permits the amended pleading to date back to the original pleading where the claims asserted in the amended pleading arose out of the transaction set forth or attempted to be set forth in the original pleading. Ronald Press Co. v. Shea, D.C., 27 F.Supp. 857 page 858.

The Supreme Court of the United States has furthermore held that a liberal rule should be applied in interpreting the provisions of the Federal Rules of Civil Procedure, and when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against him, that a liberal rule should be applied in considering the allowance of the amendment. New York Central R. & H. R. R. Co. v. Kinney, 260 U.S. Reports, page 340 at 346, 43 S.Ct. 122, 67 L.Ed. 294.

In ascertaining whether a modification of a complaint is a substitution of a new cause of action, two facts must be ascertained:

1. Will the same evidence support both complaints?

2. Will the same measure of damages apply to each?

In this connection it is, therefore, necessary that both questions be answered in the affirmative to hold the allowance of the amendment proper. Brown et al. v. New York Life Ins. Co., D.C., 32 F.Supp. 443.

If the facts alleged show, substantially, the same wrong with respect to the same transaction, or if it is the same matter more fully and differently laid, or if the gist of the action, or the subject of the controversy remains the same; and this is true although the alleged incidents of the transaction may be different, the amendment should be permitted. A technical rule should not be applied in determining whether the cause of action stated in the original and amended pleading is identical, since, in the strict sense, almost any amendment may be said to change the original cause of action. Maty, Adm'x, v. Grasselli Chemical Co., 303 U.S. Reports, 197 at 200, 58 S.Ct. 507, 82 L.Ed. 745; Tiller, Exr., v. Atlantic Coast Line R. Co., 323 U.S. Reports, 574 at 581, 65 S.Ct. 421, 89 L.Ed. 465.

It is the opinion of the Court that the amendment requested by the plaintiff does not set up a new cause of action but merely amplifies and explains with more exactness the true identity of Carl Bernie Oas, and that regardless of the capacity in which he acted, it was the intention of the plaintiff to hold him responsible for his alleged actions of omission or commission.

That the defendant, Carl Bernie Oas, has been duly summoned to answer the complaint and was reasonably required in his answer to disclose his identity, and that the reference to him as Manager is only descriptive of the person actually sued and, therefore, the description of the real defendant may be supplied by amendment. To hold otherwise, it would be in direct contradiction to the clearly defined intent of the law and bring about or prevent a defeated justice through a mere mistake as to the identity or capacity of the person sued. The plaintiff is, therefore, granted leave to file an amended complaint in which the allegations of fact set forth in the proposed reply would be in substance set forth in the amended complaint. Said action to be taken by the plaintiff within ten days from the filing of the order.