Harold J. GREEN and Jules R. Green, d/b/a G & G Finance Co., Plaintiffs,

v.

Harry J. WALSH and Martha M. Walsh, Defendants.

Civ. A. No. 5662.

United States District Court
E. D. Wisconsin.

Aug. 19, 1957.

John W. Emmerling, Milwaukee, Wis., for plaintiffs.

Irvin B. Charne, August C. Backus, Jr., Milwaukee, Wis., for defendants.

GRUBB, District Judge.

This case is before the court on defendants' motion for leave to amend answer, plaintiffs' motion to strike certain matter from defendants' answer, plaintiffs' motion to strike defendants' admissions and denials to plaintiffs' request for admissions, plaintiffs' motion to strike certain depositions taken by defendants, plaintiffs' motion to strike defendants' requests for admissions and to be relieved from answering them, plaintiffs' motion for summary judgment, defendants' motion for summary judgment, and plaintiffs' motion for leave to file an amended complaint.

The action was commenced on September 9, 1952 when plaintiffs brought suit in this court on a judgment by confession obtained in the circuit court of Cook county, Illinois against the defendants. Defendants in their answer denied the validity of the Illinois judgment, although they did not specifically attack that court's jurisdiction, and in addition, alleged an affirmative defense bottomed on alleged fraud in the procurement and performance of the contract and negotiable paper underlying the Illinois judgment. Subsequent papers filed, including defendants' admissions and denials to plaintiffs' request for admissions, and defendants' own request for admissions clearly indicate that defendants were at all times aware of the transactions behind the judgment and desired to litigate liability on those transactions rather than on the validity of the judgment. It was not until January 22, 1954, more than sixteen months after the action was instituted and after plaintiffs had moved for a summary judgment, that the defendants for the first time took any action in the Illinois courts to secure vacation of the judgment upon which the action was based.

On May 16, 1956 the circuit court of Cook county, Illinois vacated its confession judgment for lack of jurisdiction of the persons of the defendants, and on April 30, 1957 the defendants moved for summary judgment in this court. On May 15, 1957 plaintiffs moved for leave to amend their complaint so that they might sue on the underlying promissory note, guarantee, and cognovit and sellers' recourse endorsement executed by defendants. Defendants contested the allowance of any such amendment, urging that by May 15, 1957 the statute of limitations had run on at least part of plaintiffs' claim. The body of this opinion will relate to plaintiffs' motion of May 15, 1957 for leave to amend the complaint, for it is believed that a determination of that question will render moot the prior motions.

These issues are presented: Can a complaint be amended after answer, and will the amendment relate back? The original complaint was brought on the judgment of a foreign (Illinois) court, which judgment was later voided by such foreign court during the pendency of this action. The amended complaint seeks relief on the underlying contract or negotiable instrument.

The basic norms by which the court is to be guided are stated in Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Under 15(a) the amendment

to the complaint may only be by leave of the court since a responsive pleading has been served. However, subsection (a) demands that "leave shall be freely given when justice so requires." Because the statute of limitations appears to have run on part of plaintiffs' claim, the real problem is whether the amendment, if allowed, will relate back to the time of filing the original complaint. Rule 15(c) sets out the basic test:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Barron and Holtzoff have stated this test or rule in slightly expanded form:

"The general rule of 'relation back' is that a pleading may not be amended to allege a new or different claim or defense unless it arose out of, or is based upon *or related to,* the claim, transaction or occurrence originally set forth or attempted to be set forth." (Emphasis supplied.) Barron & Holtzoff, Federal Practice and Procedure, Rules Edition, Vol. 1, § 448, p. 903.

No decision has been cited which is precisely applicable on its facts to the question at hand. One case did involve somewhat the reverse of the present problem, that is, amendment from the underlying claim or delict *up to* a judgment, rather than from the judgment *back to* the underlying claim, as here. In Stanley Trading Co. v. Bensdorp, Inc., D.C.D.Mass.1950, 95 F.Supp. 502, 503–504, the plaintiff, after bringing suit for breach of contract, amended the complaint by adding a second count based on a judgment which he had recovered in a similar New York action between the same parties, and the first count for breach of contract was dismissed. The Massachusetts District Court, in allowing the amendment, held that it did not

"set forth an entirely different cause of action arising after the date of the original complaint * * * but merely states what is substantially the same claim, though in a technically different form."

A survey of the cases discloses that two chief guides have been developed to be used in connection with Rule 15(c). The first is whether the allowance or denial of an amendment would or would not work any injustice on any of the parties, and particularly whether the allowance would prejudice the opposing party. Moore's Federal Practice, Vol. 3, § 15.08, p. 828; Sunray Oil Corp. v. Sharpe, 5 Cir., 1954, 209 F.2d 937, 939–940; Christensson v. Hogdal, 1952, 91 U.S.App.D.C. 251, 199 F.2d 402, 406; Hirshhorn v. Mine Safety Appliances Co., D.C.W.D.Pa.1951, 101 F.Supp. 549, 552–553, affirmed 3 Cir., 193 F.2d 489; Tahir Erk v. Glenn L. Martin Co., 4 Cir., 1941, 116 F.2d 865, 871; Fli-Fab, Inc., v. United States, D.C.D.R.I.1954, 16 F. R.D. 553, 556; Fierstein v. Piper Aircraft Corp., D.C.M.D.Pa.1948, 79 F.Supp. 217, 218; Overfield v. Pennroad Corp., D.C.E.D.Pa.1941, 39 F.Supp. 482, 485, 486.

The second, which ties in with the first, is whether the opposite party has had notice of the general nature of his opponent's claim or defense from the beginning. Moore's Federal Practice, Vol. 3, § 15.15, pp. 851–853; Tiller v. Atlantic Coast Line, 1945, 323 U.S. 574, 581, 65 S.Ct. 421, 89 L.Ed. 465; United States v. Memphis Cotton Oil Co., 1932, 288 U.S. 62, 69, 53 S.Ct. 278, 77 L.Ed. 619; New York Cent. & H. R. R. Co. v. Kinney, 1922, 260 U.S. 340, 346, 43 S.Ct. 122, 67 L.Ed. 294; Barthel v. Stamm, 5 Cir., 1944, 145 F.2d 487, 490, 491; Michelsen v. Penney, 2 Cir., 1943, 135 F.2d 409, 416–417; Smith v. Piper Aircraft Corp., D. C.M.D.Pa.1955, 18 F.R.D. 169, 174; De Franco v. United States, D.C.S.D.Cal. 1955, 18 F.R.D. 156, 160; Porter v. Theo. J. Ely Mfg. Co., D.C.W.D.Pa.1946, 5 F.R.D. 317, 321; Bowles v. Tankar Gas, D.C.D.Minn.1946, 5 F.R.D. 230, 234;

Overfield v. Pennroad Corp., D.C.E.D. Pa.1941, 39 F.Supp. 482, 487; White v. Holland Furnace Co., D.C.S.D.Ohio. E. D.1939, 31 F.Supp. 32, 33.

The granting or denial of an application to amend, in a situation where amendment may be made only by leave of the court, is within the discretion of the trial judge. Moore's Federal Practice, Vol. 3, § 15.08, pp. 833–834; Heay v. Phillips, 9 Cir., 1952, 201 F.2d 220, 222; Young v. Garrett, 8 Cir., 1947, 159 F.2d 634; Lorentz v. R.K.O. Pictures, 9 Cir., 1946, 155 F.2d 84, 88, certiorari denied 329 U.S. 727, 67 S.Ct. 81, 91 L.Ed. 629; Wittmayer v. United States, 9 Cir., 1941, 118 F.2d 808, 809; Hirshhorn v. Mine Safety Appliances Co., D.C.W.D.Pa. 1951, 101 F.Supp. 549, 552, affirmed 3 Cir., 193 F.2d 489.

The rule is to be liberally construed on the side of allowance of amendments, particularly where the opposing party is put to no disadvantage. Barthel v. Stamm, 5 Cir., 1955, 145 F.2d 487, 490; Hammond-Knowlton v. United States, 2 Cir., 1941, 121 F.2d 192, 200, certiorari denied 314 U.S. 694, 62 S.Ct. 410, 86 L.Ed. 555; International Ladies' Garment Workers' Union v. Donnelly G. Co., 8 Cir., 1941, 121 F.2d 561, 563; Fli-Fab, Inc., v. United States, D.C.D.R.I. 1954, 16 F.R.D. 553, 556; Hirshhorn v. Mine Safety Appliances Co., D.C.W. D.Pa.1951, 101 F.Supp. 549, 552, affirmed, 3 Cir., 193 F.2d 489; Overfield v. Pennroad Corp., D.C.E.D.Pa.1941, 39 F. Supp. 482, 486–487. The following two Seventh Circuit decisions, while not specifically in point on this particular problem, strongly indicate that the greatest liberality is to be exercised in allowing amendments: Emich Motors Corp. v. General Motors Corp., 7 Cir., 1956, 229 F.2d 714; McNaughton v. New York Cent. R. Co., 7 Cir., 1955, 220 F.2d 835.

And, the spirit of the Federal Rules demands that insofar as possible, controversies be determined upon the merits and not upon procedural niceties. Moore's Federal Practice, Vol. 3, § 15.08,

p. 828; Copeland Motor Co. v. General Motors Corp., 5 Cir., 1952, 199 F.2d 566, 567–568; Fli-Fab, Inc., v. United States, D.C.D.I.1954, 16 F.R.D. 553, 556; Hirshhorn v. Mine Safety Appliances Co., D. C.W.DPa.1951, 101 F.Supp. 549, 552, affirmed 3 Cir., 193 F.2d 489; Fierstein v. Piper Aircraft Corp., D.C.M.D.Pa. 1948, 79 F.Supp. 217, 218; Overfield v. Pennroad Corp., D.C.E.D.Pa.1941, 39 F. Supp. 482, 485.

It is universally conceded that totally new and unrelated claims for relief, or, to use the older terminology, causes of action, may not be introduced by amendment and made to relate back. The more difficult question concerns the standard to be used in determining whether a new and different claim or cause is stated. Basically, the general wrong suffered and the general conduct causing the wrong are the controlling considerations. Tiller v. Atlantic Coast Line, 1944, 323 U.S. 574, 581, 65 S.Ct. 421, 89 L.Ed. 465; Bowles v. Tankar Gas, D.C.D.Minn.1946, 5 F.R.D. 230, 234. If the facts alleged show, substantially, the same wrong with respect to the same transaction, or if it is the same matter more fully and differently laid, or if the gist of the action, or the subject of the controversy remains the same, the amendment should be permitted. Maty v. Grasselli Chemical Co., 1938, 303 U.S. 197, 200, 58 S.Ct. 507, 82 L.Ed. 745; Porter v. Theo. J. Ely Mfg. Co., D.C.W.D.Pa.1946, 5 F.R.D. 317, 321.

A change of the legal theory of the action cannot be accepted as the test of the propriety of a proposed amendment. Heay v. Phillips, 9 Cir., 1952, 201 F.2d 220, 222; International Ladies' Garment W. U. v. Donnelly G. Co., 8 Cir., 1941, 121 F.2d 561, 563; Bowles v. Tankar Gas, D.C.D.Minn.1946, 5 F.R.D. 230, 235. Nor should a technical rule be applied in determining whether the cause of action stated in the original and in the amended pleading is identical, since, in the strict sense, almost any amendment may be said to change the

original cause of action. Porter v. Theo. J. Ely Mfg. Co., D.C.W.D.Pa.1946, 5 F.R.D. 317, 321. The specified conduct of the defendant upon which the plaintiff tries to enforce his claim is to be examined, rather than the theory of law upon which the action is brought. Moore's Federal Practice, Vol. 3, § 15.15, pp. 851–853; White v. Holland Furnace Co., D.C.S.D.Ohio, E.D.1939, 31 F.Supp. 32, 34.

■ Although some courts[1] have proposed a test based on such factors as whether a judgment on either the old or the new claim would bar an action on the other, whether the same measure of damages would support both, whether the same defense would be open in each, and whether the same measure of proof would be required for each; the better considered opinion, and the view which this court adopts, in that such a test is too narrow and restrictive, out of harmony with the Federal Rules, and ought to be replaced with an approach that takes an over-all view of the problem. Bowles v. Tankar Gas, D.C.D.Minn.1946, 5 F.R.D. 230, 235–236; Brown v. New York Life Ins. Co., D.C.D.N.J.1940, 32 F.Supp. 443.

■ Guided by the principles outlined above, it is the opinion of the court that the interests of justice will be best served by granting plaintiffs' motion for leave to amend their original complaint and by allowing such amendment to relate back. Examination of the pleadings, interrogatories, and earlier motions clearly shows that defendants were at all times aware that the basic transaction involved the underlying debt and negotiable paper, and will not be prejudiced by allowance of the amendment.

■ Plaintiffs have never had a day in court on the merits of the controversy. It has not been litigated. If plaintiffs have a meritorious claim, they should be given the opportunity to present it. How-

ever, plaintiffs' mistake in originally bringing the action on a judgment entered without jurisdiction over the persons of the defendants has put the defendants to trouble and expense in securing a vacation of that Illinois confession judgment. Therefore, the motion to amend ought be conditioned on allowance to the defendants, in the form of a set-off, of a reasonable amount for the expenses incurred by them in vacating the Illinois judgment. This allowance is to be in the form of a set-off only, to be awarded in the event that the plaintiffs recover some judgment in the action. Its amount will be determined by the court if plaintiffs prevail on the merits. It may be mentioned here that the amount thus far suggested by defendants is quite excessive and will be revised downward. This disposition of plaintiffs' motion to amend renders moot or inapplicable all prior motions, and they are denied without prejudice.

Counsel for the plaintiffs is instructed to prepare an order in conformity with this opinion and submit it to counsel for the defendants for approval as to form only.

**1.** American Mills Co. v. Hoffman, 2 Cir., 1921, 275 F. 285, 293; Conry v. Baltimore & O. R. Co., D.C.W.D.Pa.1951, 95 F.Supp. 846, 849 reversed on other grounds 3 Cir., 195 F.2d 120; Porter v. Theo. J. Ely Mfg. Co., D.C.W.D.Pa. 1946, 5 F.R.D. 317, 321.