John T. ROSS, Plaintiff,

v.

PHILIP MORRIS COMPANY, Ltd., a corporation, Defendant.

No. 9494.

United States District Court
W. D. Missouri, W. D.

April 24, 1958.

Rogers, Field, Gentry & Jackson, Charles L. Carr, Kansas City, Mo., for plaintiff.

Watson, Ess, Marshall & Enggas, James C. Wilson, John W. Oliver, Kansas City, Mo., for defendant.

RIDGE, District Judge.

This action, commenced November 23, 1954, in a court of the State of Missouri, was thereafter duly removed to this Court. The original complaint, in a single count, set forth a claim for damages for personal injuries allegedly accruing to plaintiff from a product manufactured by defendant. Various theories of recovery (negligence, willful misrepresentation, breach of warranty, and violation of certain State statutes) were alleged for recovery of actual and punitive damages for the injury claimed. Because that complaint did not comport with modern concepts of pleading, as allowed either by the laws of the State of Missouri, or as conceived in the Federal Rules of Civil Procedure (Rule 8), 28 U.S.C.A. plaintiff was required to re-plead his claim in accordance with federal practice. Rule 8(c), F.R.Civ.P. February 16, 1955, plaintiff filed an amended complaint. That complaint was stricken (on May 12, 1955) on motion of defendant, because it did not comply with the mandate of Rule 8(a), F.R.Civ.P., in that it contained infirmities as a pleading that were evident in the original complaint. Leave was granted plaintiff to file a second amended complaint. Such complaint was subsequently filed on May 18, 1955. In his second amended complaint plaintiff premised his claim against defendant solely on the theory of breach of implied warranty, in that cigarettes manufactured and sold by defendant were unwholesome and not fit for human consumption, because they allegedly contained unwholesome, poisonous, deleterious, irritating, harmful and injurious substances and ingredients. To that complaint, defendant joined issue by answer.

Thereafter, this action was scheduled for pre-trial conference on February 15, 1956. Because of illness of counsel for plaintiff, such conference was postponed indefinitely by agreement of parties, with consent of the Court. It was then generally understood that because of the serious nature of the illness of plaintiff's counsel, new and other counsel would be required to enter their appearance for plaintiff, if this case was to be further prosecuted. February 27, 1957, plaintiff's original counsel informed the Court that he had made arrangements with another law firm "to take over and handle" this case. It was not, however, until October 25, 1957, that such newly-retained counsel formally entered their appearance for plaintiff and that, by filing a "third amended complaint" in three counts, with permission of the Court. In that amended complaint plaintiff sets forth, in count one, a claim for breach of implied warranty; in count two, a claim in tort for negligence; and, in count three, a claim for fraud and deceit; all as a result of the single injury claimed as arising out of the same conduct, transaction, or occurrence as was set forth in his original complaint. The allegations contained in each count of plaintiff's third amended complaint may be read on plaintiff's original complaint, when the latter is liberally construed.

Defendant has now filed motion to set aside the order granting leave to plaintiff to file such "third amended complaint" on the grounds, (1) the order was obtained *ex parte*, without prior notice to it; (2) counts two and three therein are barred by limitations; and (3) it is not in the interest of justice that plaintiff now be allowed to file a third amended complaint, three years after the filing of the original complaint and two years and five months after the issues in this case were settled by defendant's answer to plaintiff's second amended complaint.

Tersely stated, defendant's contention in respect to counts two and three of the third amended complaint is: that it is not in the interest of justice for the Court now to permit plaintiff to assert a claim against it on the legal theories set forth in such counts, because those matters were abandoned by plaintiff when he filed his second amended complaint; that since such abandonment the controlling

Missouri statute of limitation (Section 516.120, V.A.M.S.) has run on plaintiff's cause of action; hence, plaintiff now has no legal right to reinstate any claim against defendant on the theory of claims set forth in said counts; and, defendant will be prejudiced if the third amended complaint is allowed to stand. The only prejudice attempted to be established by defendant is that which defendant asserts it has a legal right to claim now as a bar, by way of limitation. This is based solely on the theory that counts two and three of the third amended complaint set up new and separate causes of action against it that were not commenced within the period prescribed by the Missouri statute of limitation *supra*.

As an alternative, in the event the above-mentioned motion is denied, defendant has moved for summary judgment on each count of the third amended complaint. The premise of that motion as to count one is that plaintiff, as a remote vendee of goods manufactured by defendant, cannot recover from it on the theory of breach of implied warranty, because privity of contract is essential to the assertion of such a claim under Missouri case law, and no such privity can be legally established by plaintiff; —as to counts two and three, defendant claims right to summary judgment by way of bar by limitation, the same as contended in regard to its motion to set aside the leave order *supra*.

Although the parties have filed voluminous briefs in respect to the above matters, (plaintiff's briefs, 117 pages; defendant's briefs, 64 pages) we are not constrained to follow them in all the ramifications of their arguments and contentions. As to defendant's motion to set aside the order granting leave to plaintiff to file a third amended complaint, it is sufficient to say that if defendant's motion for summary judgment is well founded no prejudice can possibly ensue to defendant from such action of the Court. The grounds asserted by defendant for setting aside that order are the same as those relied on by it for summary judgment in its favor. We prefer

to consider and determine that matter under the latter motion.

As a reason for granting leave to plaintiff on *ex parte* presentation, we merely state that as a consequence of the serious illness that prevented original counsel for plaintiff from further prosecuting this action, the Court perceived, as it believed all counsel for defendant did likewise, that newly-retained counsel would recast the pleadings in this case before further pre-trial conference would be held herein. Under the circumstances, the Court exercised its discretion, in the interest of justice, and granted leave to plaintiff accordingly.

█ A proffered amendment to a complaint should not be denied on the ground that it introduces a new cause of action which, but for Rule 15(c), F.R.Civ.P., would be barred by limitations. The proper practice is to allow an amendment to be made, if otherwise proper, and leave the question of relation back for consideration after defendant pleads the defense of limitations. Copeland Motor Co. v. General Motors Corp., 5 Cir., 1952, 199 F.2d 566.

Defendant's motion to set aside order granting leave to file third amended complaint is accordingly overruled.

### Motion for Summary Judgment

We shall first consider defendant's motion for summary judgment as addressed to counts two and three of the third amended complaint. If the doctrine of Rule 15(c) of the Federal Rules of Civil Procedure, that:

"Whenever the claim or defense asserted in (an) amended pleading (arises) out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

is applicable to the theory of claims set forth in counts two and three of plaintiff's third amended complaint, then manifestly defendant's motion for summary judgment in respect to those two counts is without merit. Absent bar by

limitation, the issues of fact thereby presented cannot be adjudicated on such a motion.

 Many pages of the parties' briefs are devoted to the proposition as to whether the propriety and legal effect of the amendments made in plaintiff's third amended complaint should be determined pursuant to the Federal Rules of Civil Procedure, or by Missouri law. We shall not discuss the rulings and applicability of the numerous cases cited by them in respect to that proposition. It is sufficient to say that we recognize that the limitation period fixed, and as applied, by the substantive law of the State of Missouri is here applicable. Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079; Ragan v. Merchants Transfer & Warehouse Co., 1949, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520. We are bound to enforce that law, in diversity cases, as we find it; but, as the Supreme Court said, in Levinson v. Deupree, 345 U.S. 648, 652, 73 S.Ct. 914, 916, 97 L.Ed. 1319, we are "not bound beyond that to strive for uniformity of results in procedural niceties with the courts" of the State of Missouri. "Even in diversity cases, when 'a right is enforceable in a federal court as well as in a State court,' and the federal court sits as 'another court of the State,' we have recognized that 'the forms and mode of enforcing the right may at times, naturally enough, vary because the two judicial systems are not identic.'" In other words, the mechanics by which State substantive law may be utilized in the Federal Courts are matters of procedure and governed by the Federal Rules of Civil Procedure. Cf. Kincheloe v. Farmer, 7 Cir., 1954, 214 F.2d 604, 605. As said in Gifford v. Wichita Falls & Southern Railway Co., 5 Cir., 1955, 224 F.2d 374, 376, "The matter of amendment to pleadings is a procedural matter governed by Federal law and the Federal Rules of Civil Procedure and not by Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188." See, also, Tozer v. Charles A. Krause Milling Co., 3 Cir., 189 F.2d 242; Copeland Motor Co. v. General Motors Corporation, supra; Grandey v. Pacific Indemnity Co., 5 Cir., 217 F.2d 27. Be that as it may, it is a rule of law in the federal court as well as the courts of Missouri that an amendment will not be allowed if it introduces a new cause of action which as an independent proceeding would be barred by a statute of limitation. Cf. Taylor Co. v. Anderson, 275 U.S. 431, 48 S.Ct. 144, 72 L.Ed. 354; Sunlight Carbon Co. v. St. Louis & S. F. R. Co., Whitham Construction Co. v. Remer, 8 Cir., 15 F.2d 802. And this rule has not been changed by Rule 15(c) of the Federal Rules of Civil Procedure. See, 10 Cir., 1939, 105 F.2d 371.

The question here is, whether counts two and three supra, under Federal and Missouri procedure constitute the pleading of new and independent claims herein, or are merely changes in the form of action which are permissible and relate back to the time of the institution of this action because they deal with the same conduct, transaction, or occurrence set forth in plaintiff's original complaint. If the latter, then there can be no question about the propriety of such amendments under federal procedure. Tiller v. Atlantic Coast Line R. Co., 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465; New York Cent. & H. R. R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294; International Ladies' Garment Workers Union v. Donnelly Garment Co., 8 Cir., 1941, 121 F.2d 561; Busam Motor Sales v. Ford Motor Co., 6 Cir., 1953, 203 F.2d 469; and Green v. Walsh, D.C.E.D. Wis., 21 F.R.D. 15. Judge Grubb, in Green v. Walsh, supra, has written a scholarly opinion and made a survey of all applicable federal cases on the subject of relation back of amendments, in diversity cases, and points out the guides that have been developed, under federal procedure, to determine when an amendment to a complaint states a new and independent claim or cause of action, or is the statement of a single wrong differently laid. One can hardly expatiate on what is there said by Judge Grubb on

the subject. We accept his opinion, supra, as a proper collocation of federal law on the subject here considered.

The only thing remaining is to determine the status of Missouri law on that subject since enactment in 1943 of the "Civil Code of Procedure" in that State. In consideration of that matter, we put aside the many cited decisions of the Courts of Missouri by the parties, prior to 1943, as not being apposite. So far as we are advised, there are only a limited number of decisions in the reported cases of Missouri since 1943, that are apposite, to ascertain whether there is presently any conflict between that State's procedural law and federal law as here reflected.

In White v. Sievers, 1949, 359 Mo. 145, 221 S.W.2d 118, loc. cit. 121, the Supreme Court of Missouri succinctly said: "We expressly hold that the rule against departure is no longer to be enforced. It has been abrogated by the new code. * * *" In Grue v. Hensley, 1948, 357 Mo. 592, 210 S.W.2d 7, the same Court held that under Section 81 of the Civil Code of Missouri, V.A.M.S. § 509.490, leave to amend pleadings should be freely given when justice requires; that an amendment which does not destroy the identity of the original transaction is proper, so long as the fundamental facts of the controversy remained the same and it was immaterial that plaintiff elected to change his theory or form of action. The Court further said: "The phrase 'cause of action' and the word 'transaction' both have broad meanings. The former does not refer to the *form* of action in which the claim is asserted, but to the cause for action, i. e., the underlying facts combined with the law giving the party a *right* to a remedy of one form or another based thereon," and ruled that amendments to pleadings should be considered accordingly. (210 S.W.2d loc. cit. 10.) See, also, Ford v. American Brake Shoe Co., Mo.App. St. Louis 1952, 252 S.W.2d 649; Brinkmann Realty Co. v. Deidesheimer, Mo.App. St. Louis 1947, 201 S.W.2d 503. In Thomas v. Sterling Finance Co., Mo.App. St. Louis 1944, 180 S.W.2d 788, 792, the Court, in assimilating the test of *res judicata* to an amended complaint filed after non-suit, and at a time when the applicable statute of limitation had run, but within time allotted by the non-suit saving statute (516.230, V.A.M.S.) said: "A new cause of action is not necessarily introduced by a change in the mere form of the action (as from *ex delicto* to *ex contractu*), provided the second action adheres to the transaction originally pleaded, and does not attempt to set up another cause or controversy, or to state facts which give rise to a wholly distinct and different legal obligation on the part of the defendant."

█ In light of the foregoing authorities, it is transparent that under enlightened Federal and Missouri procedural law, which permits "relief in the alternative or of several different types (to) be demanded," (Rule 8(a), F.R.Civ. P.; section 509.110, V.A.M.S.) that basically the general wrong suffered and the general conduct causing the wrong are controlling considerations determining whether a new and independent claim is set forth by amendment to a complaint; and that a change of legal theory of action (from breach of implied warranty, sounding in contract, to negligence or fraud and deceit, sounding in tort) is not accepted as the test of propriety of a proposed amendment as defendant contends. Although the Civil Code of Missouri does not contain the principle of Rule 15(c), supra, yet there is nothing contained in that Code which would lead one to believe that a bar by limitation would be given effect to an amendment made to a pleading after the limitation period had run, when the amendment relates to the identical subject matter as embraced in an original claim, regardless of the form of action.

It seems sufficient, under controlling decisions, merely to say: That ever since the commencement of this action defendant has had notice that plaintiff was endeavoring to enforce a claim against it because of claimed deleterious ingredients in cigarettes manufactured by it,

allegedly causing injury to him. The claim or cause for action so asserted by plaintiff has been described in each complaint filed, as arising out of "conduct, transaction or occurrence," which is charged as a fact and reveals that during the period from 1948 to 1952, inclusive, plaintiff purchased cigarettes manufactured by defendant and smoked them; that because said cigarettes were not wholesome and fit, but contained unwholesome, poisonous, deleterious, irritating, harmful and injurious substances and ingredients, plaintiff claims that he sustained serious, permanent and progressive injuries and damages. In its motion to set aside the order granting leave to plaintiff to file a third amended complaint defendant concedes "the record affirmatively shows that the matters sought to be added by the third amended complaint are not matters previously omitted due to oversight, inadvertence or excusable neglect because the original complaint and the first amended complaint attempted to plead such matters"; and, that the "original complaint herein appeared to charge in a single count" an alleged breach of duty plaintiff claimed defendant owed to him from the standpoint of such matter, by way of "breach of warranty, negligence and willful misrepresentation." (Deft's motion supra, p. 2.)

That being the real situation here, then it seems clear that counts two and three of the third amended complaint fall squarely within the principle announced in Rule 15(c), supra, and Missouri case law, unless there is a question as to "abandonment" as presented by defendant which would direct otherwise. As said in Copeland Motor Co. v. General Motors Corporation, supra, loc. cit. 567:

"Drawn to give effect to the principle that cases should, as far as possible, be determined on their merits and not on technicalities, the courts have given Rule 15 not lip service merely but full fealty."

But, defendant says, although plaintiff in the beginning attempted to set up a claim against it on the theories of "negligence and willful misrepresentation," he abandoned such claims two years and five months ago, and, since such abandonment, the statute of limitation has run and plaintiff cannot now reassert such claim. The contention so made by defendant would only be good if plaintiff's original claim, or cause of action, had been once dismissed by previous orders of this Court and no leave had been granted plaintiff to file amended complaints herein. By the previous orders entered herein it is made manifest that the Court did not intend to put an end to any theory of claim plaintiff might assert against the defendant. Hence, since the first assertion of the instant claim for damages against the defendant there has been no "non-suit" entered within the ambit of Section 516.230, V. A.M.S., and neither that statute nor any other statute of limitation of the State of Missouri has run against the plaintiff's claim.

A change of the legal theory of an action is not to be accepted as a voluntary non-suit of a claim under federal procedure. Cf. Green v. Walsh, D.C., 21 F.R.D. 15, 19, and cases there cited. "Basically, the general wrong suffered and the general conduct causing the wrong are the controlling considerations." Ibid., at page 19. That being so, then it is manifest that at no time has plaintiff ever abandoned the original claim he has here asserted against defendant. To abandon a claim can only mean that one gives it up with the intent of never claiming one's right or interest in it thereafter. (Cf. Webster's Int. Dict.) Plaintiff has changed his theories of claim in respect to his cause of action against defendant, but, he has never abandoned it. Though counts two and three, supra, may, present new issues of law, the evidence which will be offered by plaintiff in support thereof will not be materially different from that which could have been adduced under the original, or any subsequent, complaint filed herein. In Burdick-Baron Co. v. Swift & Co., 5 Cir., 1950, 180 F.2d 424, it was held

that where the original complaint stated a claim for breach of warranty, an amended complaint pleading fraud was based upon the same transaction or occurrence and stated substantially the same cause of action and it, therefore, related back to the date of filing the original complaint under Rule 15(c), supra. Cf. Wall v. Brim, 5 Cir., 1944, 145 F.2d 492; Blair v. Durham, 6 Cir., 1943, 134 F.2d 729; Independence Shares Corp. v. Deckert, 3 Cir., 1939, 108 F.2d 51; Smith v. Piper Aircraft Corp., D.C.M.D.Pa.1955, 18 F.R.D. 169; Bowles v. Tankar Gas, D.C.Minn.1946, 5 F.R.D. 230.

Defendant's motion for summary judgment as to counts two and three of plaintiff's third amended complaint is overruled.

As to count one of the third amended complaint, defendant prays for summary judgment on the ground that under Missouri law, as applied by the Supreme Court of that State, an implication of warranty of fitness is contractual and a warrantor is only bound by the terms of his covenant with respect thereto; that plaintiff as a remote vendee of cigarettes manufactured by it has no covenant with defendant, hence he has no right of action against defendant on the theory of claim as asserted in count one of his instant complaint.

In count one, supra, plaintiff alleges that defendant sold cigarettes through retailers, in sealed packages designed for ultimate consumption and for the particular and only purpose that said cigarette be smoked and consumed by human beings. That defendant knew and intended that they would be purchased and consumed by the general public and thereby warranted and represented to the general public, and particularly to the ultimate purchaser-consumer; * * * that said cigarettes were wholesome and fit for human consumption * * * when, in fact, such cigarettes when smoked and consumed were not wholesome and fit, (but) were dangerous and unsafe; * * * that defendant, because of its special skill and superior knowledge, knew of such fact but this was not known to plaintiff.

Thus plaintiff attempts to bring the above count of his third amended complaint within the form of action sustained by the intermediate appellate courts of Missouri, which permit recovery of damages for breach of implied warranty in that class of cases involving "food and drink" when consumed from original packages. See: Madouros v. Kansas City Coca Cola Bottling Co., Mo. App. St. Louis 1936, 90 S.W.2d 445; Nemela v. Coca Cola Bottling Co., Mo. App. St. Louis 1937, 104 S.W.2d 773; McNicholas v. Continental Baking Co., Mo.App. St. Louis 1938, 112 S.W.2d 849; Hutchison v. Moerschel Products Co., Mo.App. Kansas City 1939, 133 S.W. 2d 701; Carter v. St. Louis Dairy Co., Mo.App. St. Louis 1940, 139 S.W.2d 1025; Helms v. General Baking Co., Mo. App. St. Louis 1942, 164 S.W.2d 150; Holyfield v. Joplin Coca Cola Bottling Co., Mo.App. Kansas City 1943, 170 S. W.2d 451; Norman v. Jefferson City Coca Cola Bottling Co., Mo.App. Kansas City 1948, 211 S.W.2d 552; Foley v. Coca Cola Bottling Co., Mo.App. St. Louis 1948, 215 S.W.2d 314; Williams v. Coca Cola Bottling Co., Mo.App. St. Louis 1953, 285 S.W.2d 53. In a like form of action, the St. Louis Court of Appeals sustained a claim for breach of implied warranty, for skin infection incurred from use of a detergent produced by defendant when purchased from an independent retailer. See Worley v. Proctor & Gamble Mfg. Co., Mo.App. St. Louis 1952, 253 S.W.2d 532. In Belt Seed Co. v. Mitchelhill Seed Co., Mo.App. Kansas City 1941, 153 S.W.2d 106, loc. cit. 112, the Kansas City Court of Appeals, in discussing the form of action for breach of implied warranties, said:

"* * * Implied, unlike express, warranties are arrived at by operation of law and conclusions announced by the court upon established facts. For the sake of convenience, merely, such an obligation (an implied warranty) is permitted to be

enforced under the form of a contract."

Such pronouncement is the ratiocination of the rulings made by the intermediate courts of appeals of Missouri in the above-cited cases.

While the foregoing cases involve decisions of the several intermediate courts of appeals and not of the Supreme Court of Missouri, it is plaintiff's contention that they set forth a well recognized and firmly entrenched Missouri doctrine with regard to products manufactured and sold for human consumption, and show that the ultimate purchaser-consumer can recover against a manufacturer of products on the theory of breach of implied warranty of wholesomeness and fitness. With much certitude, plaintiff asserts:

"* * * it appears evident (from the foregoing decisions) that when the Supreme Court (of Missouri) does get a case before it between an ultimate purchaser-consumer against a remote manufacturer, based on implied warranty—it will hold as the three Courts of Appeals held in the numerous cases hereinbefore cited." (Tr.Br., p. 11.)

The argument that plaintiff makes in respect to the above propositions is cogent, but it leaves us neither convinced nor persuaded that such is the progression to be given to Missouri law in light of the opinion of the Supreme Court of Missouri in State ex rel. Jones Store Co. v. Shain, 352 Mo. 630, 179 S.W.2d 19.

■ We had occasion, in McIntyre v. Kansas City Coca Cola Bottling Co., D.C., 85 F.Supp. 708, to examine and survey the law of Missouri as to a right of action for breach of implied warranty. Though we were there dealing with a donee of a remote vendee and an object other than one for human consumption in original packages, we became convinced that the doctrine of implied warranty of merchantability was not an axiom likely to be sustained by the Supreme Court of Missouri. We do not deem it necessary to here expatiate upon what we said in the McIntyre case, supra, except to state that to confine the above doctrine to contractual obligations, as the Supreme Court of Missouri has done in State ex rel. Jones Store Co. v. Shain, supra, we remain of the opinion that one who is not a party to a contract of sale is excluded from the beneficence of a claim for breach of implied warranty. Since McIntyre v. Kansas City Coca Cola Bottling Co., supra, the Supreme Court of Missouri has not receded from its ruling in State ex rel. Jones Store Co. v. Shain, supra. In that case the Court held that an action for breach of implied warranty can only be maintained in Missouri where a seller pursuant to contract undertakes to furnish an article for a particular purpose, and the buyer is shown to have relied on the seller's judgment. By that ruling we understand the controlling law of that State to be that a remote vendee of goods produced by a manufacturer cannot maintain an action for breach of implied warranty.

The only difference between the situation considered in the McIntyre case, supra, and the case at bar is that plaintiff here undertakes to bring cigarettes within the food and drink cases, supra. As to this, we only say that if a lady's blouse containing a deleterious dye, injurious to health, is not a particular object that is the subject matter of a contract, as to which the doctrine of implied warranty is applicable, then plaintiff's attempt to bring cigarettes within the food and drink cases as distinguished from an object of ordinary retail sale, is futile.

■■ We are cognizant of our duty in applying the law of a State in diversity cases, and that we should not disregard the decisions of intermediate appellate courts unless we are convinced by other persuasive data that the highest court of the State would decide otherwise. Cf. Johnson v. State Farm Mutual Auto Ins. Co., 8 Cir., 1958, 252 F.2d 158. We are convinced by State ex rel. Jones Store Co. v. Shain, supra; and Zesch v. Abrasive Co., 1944, 353 Mo. 558, 183 S.W.

692

2d 140, that plaintiff has no right of claim against defendant under count one of his third amended complaint; and that defendant's motion for summary judgment on that count is sustained.

Final judgment in favor of defendant and against plaintiff will be entered on count one at the time final judgment is entered herein on counts two and three of plaintiff's third amended complaint. All said counts arise out of the same transaction and only one final judgment can be entered herein on the third amended complaint.

It is so ordered.