**MAX E. MILLER & SON, INC.,**
**Plaintiff,**

v.

**Sandra LEWIS et al., Defendants,**
**Lewis Center Management Corp., First Wisconsin National Bank of Milwaukee, Additional Party Defendants.**

**No. 70–C–214.**

United States District Court,
E. D. Wisconsin.

Feb. 23, 1971.

Howard, Peterman and Eisenberg by Russell A. Eisenberg, Milwaukee, Wis., Arvey, Hodes and Mantynband, Chicago, Ill., for plaintiff.

Foley and Lardner by James O. Huber, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff has moved for leave to file an amended complaint. The defendant, First Wisconsin National Bank, has opposed the proposed amendment.

The action was started in the northern district of Illinois in September, 1966, to enforce two judgment liens arising out of judgments entered in that court in June, 1966. Three and a half years later, the case was ordered transferred to this court and the plaintiff now seeks to amend its complaint so as to obtain declaratory relief determining the various interests in the real estate, as well as to let the plaintiff enforce its judgment liens.

The plaintiff refers to the practice of liberally allowing amendments under Rule 15(a), Federal Rules of Civil Procedure. 3 Moore's Federal Practice ¶ 15.08[2] (1968).

The proposed amended complaint would be the fourth to be filed in this action by the plaintiff. More importantly, four and a half years have elapsed since the commencement of this action. Although the plaintiff urges otherwise, I believe that the proposed amendment would substantially change the gist of the proceedings. In my opinion, the ends of justice will not be promoted by the proposed amendment. See Green v. Walsh, 21 F.R.D. 15 (E.D. Wis.1957).

Under all the circumstances of this case, I conclude that the proposed amendment to this complaint should more properly be attempted (if it can be done) by the commencement of a new action, rather than by appending new claims to the present aging law suit.

Now, therefore, it is ordered that the plaintiff's motion to amend be and hereby is denied.