**CHROMALLOY AMERICAN CORPORATION, Plaintiff,**

v.

**ALLOY SURFACES CO., INC. and George H. Cook, Defendants.**

**Civ. A. No. 3640.**

United States District Court,
D. Delaware.

Nov. 30, 1972.

---

————◆————

William O. LaMotte, 3rd, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del. and Robert D. Spille and Garo A. Partoyan of Curtis, Morris & Safford, New York City, of counsel, for plaintiff.

Nathan Bakalar of Connolly, Bove & Lodge, Wilmington, Del. and Irving Parker and Victor M. Metsch of Jacobs, Persinger & Parker, New York City, of counsel, for defendants.

## MEMORANDUM OPINION

LATCHUM, District Judge.

In this patent litigation, the defendants, pursuant to Rule 15, F.R.Civ.P., have moved for leave to amend and supplement their answer and counterclaim to assert that the plaintiff, through the enforcement of the patent-in-suit,[1] procured by fraud on the Patent Office, violated Section 2 of the Sherman Act, 15 U.S.C. § 2, by attempting to monopolize and by monopolizing the sale of diffusion coating services for certain jet engine parts in the United States. Treble damages under Section 4 of the Clayton Act, 15 U.S.C. § 15, are demanded as a part of the relief sought by the amendment. Plaintiff, of course, opposes the motion.

The chronology of events leading to the present motion may be summarized as follows: On December 2, 1968, the plaintiff filed its complaint which sought injunctive relief and an accounting for damages from the defendants for the alleged infringement of the '230 patent. On December 26, 1968 the defendants filed an answer and counterclaimed for a judgment declaring the '230 patent invalid and unenforceable for a number of reasons. The plaintiff replied to the counterclaim on January 6, 1969 so that the case was then at issue. From that date until November 5, 1970 the parties were engaged in extensive discovery proceedings, some of which were actively resisted requiring the intervention of the Court. On November 5, 1970, the defendants moved for summary judgment in which they asserted four separate and independent grounds for declaring the '230 patent invalid or unenforceable. The motion, after being fully briefed and argued, was denied in an unreported opinion on April 19, 1971. Thereafter, on May 26, 1971 the Court granted the defendants' motion, pursuant to Rule 42(b), F.R.Civ.P., for a separate trial of the same four is-

1. The patent-in-suit is United States Patent No. 3,257,230 ("the '230 patent") entitled "Diffusion Coating For Metals" issued on June 21, 1966.

.sues raised in the defendants' earlier summary judgment motion. Trial to the Court was held from September 13 through September 17, 1971. Post-trial briefs were filed and the Court handed down its opinion on March 14, 1972 in which it held: (1) that the '230 patent was invalid because the plaintiff, in violation of 35 U.S.C. § 102(b), placed the subject matter of the patent "on sale" in this country more than one year before it applied for the patent, 339 F.Supp. 859 at 862–871 (D.Del.1972), and (2) that the patent was also unenforceable because during its prosecution in the Patent Office the applicants failed to disclose material information which amounted to misrepresentation transgressing equitable standards of conduct owed to the public in return for the patent monopoly. 339 F.Supp. at 872–876 (D.Del.1972).

The defendants, contending from the very beginning that this case was "exceptional," had previously moved for an allowance of attorneys' fees under 35 U.S.C. § 285. Upon entry of the March 14, 1972 opinion, the Court scheduled a fee hearing for April 7, 1972 on defendants' motion. For various reasons, upon application of one or the other parties, the fee hearing was postponed first to April 21, 1972, then to May 8, 1972 and finally to May 23, 1972.

When the Court handed down its March 14th decision, it requested the parties to submit a form of judgment to be entered in accordance with the opinion, reserving jurisdiction of the case only for the purpose of disposing of the defendants' fee application. No judgment was ever submitted.

Immediately before the fee hearing scheduled for May 23, 1972, the plaintiff advised the Court and the defendants that it had recently discovered evidence which required it to file a motion to reopen a portion of the issues relating to fraud on the Patent Office decided at the earlier trial. This motion was formally filed on May 26, 1972, thoroughly briefed by the parties and argued on June 26, 1972. The motion to reopen was denied on July 25, 1972. 55 F.R.D. 406 (D.Del.1972).

Between July 25th and early September, 1972, the parties made some effort to settle amicably the remaining fee matter but without success. On September 6, 1972, the defendants filed the present motion to amend their counterclaim which raised for the first time the antitrust issues. It was apparently the defendants' thought that if they were able to establish antitrust violations in this suit, they then would be entitled to recover three-fold the amount of attorneys' fee and expenses incurred in this patent litigation.

Under the circumstances of this case the Court concludes that the motion to amend at this late stage should be denied.

This particular patent infringement litigation for all intents and purposes came to an end on March 14, 1972 when, after months of discovery and a full scale trial, the Court, holding in favor of the defendants, determined that the '230 patent was both invalid for violation of the "on sale" provision of 35 U.S.C. § 102(b) and unenforceable because of misrepresentations in prosecuting the patent application. The only remaining step to be taken was the disposition of defendants' fee application.

At the terminal level of these proceedings, it would be entirely unreasonable and unnecessary to grant leave for the amendment and thus indeterminately prolong the case in order to consider the complex antitrust issues now raised for the first time. This particular patent litigation should finally end. Judge Leahy of this Court succinctly stated this proposition in Friedman v. Transamerica Corporation, 5 F.R.D. 115, 116 (D.Del.1946) as follows:

"Rule 15(a) provides that leave to amend 'shall be freely given when justice so requires.' The word 'freely' was used with deliberate intention to

obviate technical restrictions on amendment. [Authority cited.] But, this does not mean that leave to amend is to be granted without limit; otherwise, the right to amend would be absolute and not rest in the discretion of the court. The interests of both parties should be considered when an application to amend is made. Opportunity should be given to a plaintiff to present his alleged grievance; yet equal attention should be given to the proposition that there must be an end finally to a particular litigation."

By denying the amendment and advancing this patent case to a prompt close will not unduly prejudice the defendants. If they are serious in pressing their antitrust claims, they may do so in new litigation.

In view of the unreasonably long delay in raising the antitrust violations, almost four years after suit was brought and a year after the trial was held which disposed of the patent issues, it would not be in the interest of justice to permit the proposed amendment. Cf. Nevels v. Ford Motor Company, 439 F. 2d 251, 257 (C.A.5, 1971); Freeman v. Continental Gin Company, 381 F.2d 459, 469 (C.A. 5, 1967); Stiegele v. J. M. Moore Import-Export Co., 312 F.2d 588, 594–595 (C.A.2, 1963); Max E. Miller & Son, Inc. v. Lewis, 51 F.R.D. 550, 551 (E.D.Wis.1971). If the motions were allowed, it would substantially change the gist and purpose of these patent proceedings and open up an entirely new field for lengthy discovery proceedings in order to enable the plaintiff to meet the newly tendered antitrust issues. The entailed delay of finally disposing of such an expanded case, after the patent issues originally tendered have already been determined, would not only prejudice the plaintiff but would be inexcusable and unjustified. Therefore the defendants' motion will be denied and the defendants' pending fee application will be set promptly for hearing unless withdrawn by the defendants.